NOT DESIGNATED FOR PUBLICATION

No. 118,113

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES CRUME,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.


MEMORANDUM OPINION


Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed March 2, 2018. Affirmed.


*M. Blake Cooper*, of Cooper Law Offices, LLC, of Andover, for appellant.


*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellee.


Before MALONE, P.J., SCHROEDER, J., and BURGESS, S.J.


PER CURIAM: James Crume filed a petition under K.S.A. 2016 Supp. 60-1501 to obtain relief from two disciplinary reports he received while in prison. The district court summarily dismissed Crume's petition, finding some evidence supported the hearing officer's decision to impose a sanction. Crume appeals the denial of his petition.


On June 17, 2016, Crume was an inmate at the El Dorado Correctional Facility. On that day, Officer Andrew Palm approached Crume's cell and asked Crume if he was fishing. Fishing is an act of passing notes between prison cells using a line—a procedure which is prohibited. Crume told Officer Palm he was not fishing. Officer Palm ordered

1

Crume to hand over the fishing line two separate times and ordered Crume to not flush his toilet.

Officer Palm restrained Crume and took him to a room to conduct a strip search. During the strip search, Officer Palm observed a fishing line fall out of Crume's rear. Crume attempted to hide the line within the strip search room. Officer Palm told Crume to give him the fishing line, and Crume responded that the line was already in the strip search room. Crume was charged with violating two regulations, K.A.R. 44-12-303 (Lying) and K.A.R. 44-12-304 (Disobeying an order).

Officer Palm testified at the hearing. He did not produce the line itself; rather, he stated the line was in the trashcan. Officer Palm's testimony states the evidence was "[t]oothpaste or similar bottle with string attached to it to make a fishing line." Additionally, Officer Palm testified the line was approximately 30 feet and was destroyed.

The hearing officer found Crume guilty of both violations based on Officer Palm's testimony. For violating K.A.R. 44-12-304, Crume received a 14-day disciplinary segregation, which was suspended for 180 days, and a $10 fine. For violating K.A.R. 44-12-303, Crume received a 21-day restriction, which was suspended for 180 days, and a $5 fine. Crume appealed to the Secretary of Corrections, and the Secretary approved the hearing officer's decision.

On appeal, we look to see if there was some evidence to support the hearing officer's decision. See *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 (1999) (due process is satisfied if some evidence supports the decision). Here, there was some evidence—Officer Palm's testimony—to support the hearing officer's decision.

Affirmed pursuant to Rule 7.042(b)(3) and (5) (2018 Kan. S. Ct. R. 48).